**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Louis Kuryla,<br><br>           Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>           Defendant. | No. CV-15-00513-PHX-NVW<br><br>**ORDER** |

Plaintiff Gerald Louis Kuryla filed this case for review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security, which denied him disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Defendant concedes that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence, and the parties agree that Plaintiff is entitled to judgment. (Doc. 26.) Defendant moves to remand this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff contends the court should remand for award of benefits. (*Id.*) The sole issue before the Court is whether this case should be remanded for further proceedings or for award of benefits.

## I.    BACKGROUND

Plaintiff was born on August 8, 1951, and was 59 years old on the alleged disability onset date. He was 62 years old at the time of the ALJ's decision. He has a

high school education and speaks English. He worked as a restaurant manager through 1996, as a hotel clerk 1997–2001, as a flower shop salesperson 2002–2005, and as a gas station cashier from 2006 to the present.[1] In June 2011, he reduced his work at the gas station to part-time. At the time of the ALJ hearing, Plaintiff was working 15 hours per week, earning $10.05 per hour. His impairments are spinal stenosis and obesity.

Plaintiff applied for disability insurance benefits on May 3, 2011, and for supplemental security income July 1, 2011, alleging disability beginning June 1, 2011. On August 15, 2013, he appeared with his attorney and testified at a video hearing before the ALJ. A vocational expert also testified. On September 18, 2013, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision. On March 23, 2015, Plaintiff sought review by this Court.

**II.  STANDARD OF REVIEW**

The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). If the ALJ's decision is not supported by substantial evidence or suffers from legal error, the district court has discretion to reverse and remand either for an award of benefits or for further administrative proceedings. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). "Remand for further proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). "Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Id.* (citing *Smolen*, 80 F.3d at 1292).

---

[1] These dates are based on the Commissioner's record of Plaintiff's FICA earnings.

### III. FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's residual functional capacity, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2017, and that he has not engaged in substantial gainful activity since June 1, 2011. At step two, the ALJ found that Plaintiff has the following severe impairments: spinal stenosis and obesity. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that

meets or medically equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

At step four, the ALJ found that Plaintiff:

> has the residual functional capacity to perform a significant range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant cannot climb ladders, rope and scaffolds or work around dangerous moving machinery. The claimant must avoid exposure to dust, smoke and other respiratory irritants and extremes in temperature and humidity. The claimant is limited to occasional stair climbing and frequent reaching overhead.

The ALJ further found that Plaintiff is unable to perform any past relevant work, which is restaurant manager, salesperson, and gas station cashier, because of his postural and environmental limitations.

At step five, based on the vocational expert's testimony, the ALJ found that Plaintiff had acquired from past relevant work the skill of working with the public. In response to hypothetical questioning, the vocational expert responded that such an individual could perform jobs such as check cashing clerk and telemarketer. The ALJ concluded that, considering Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff had acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy.

## IV. ANALYSIS

After Plaintiff met his burden of proof on the first four steps, the burden shifted to Defendant at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At step five, after having determined that Plaintiff's disabilities prevented him from doing his past relevant work, the ALJ was required to decide whether Plaintiff's impairments prevented him from performing other work that exists in the national economy, considering his residual functional capacity together with the vocational factors of age, education, and work experience. 20 C.F.R. § 404.1520(g)(1). "In order to support a finding that [Plaintiff is] not disabled at this fifth step of the sequential evaluation

process, [Defendant is] responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that [Plaintiff] can do, given [his] residual functional capacity and vocational factors." 20 C.F.R. § 404.1560(c)(2).

"Work experience" means skills and abilities an individual has acquired through work he has done within the 15 years before the disability decision. 20 C.F.R. § 404.1565(a). Age is also a vocational factor considered in deciding whether a claimant can make the adjustment to other work. If a claimant is 55 years or older, it is assumed that "age significantly affects a person's ability to adjust to other work." 20 C.F.R. § 404.1563(d). If the claimant is 55 years or older and is limited to sedentary work, the ALJ must find he cannot make the adjustment to other work unless he has skills that transfer to other skilled or semiskilled work he can do despite his impairments. 20 C.F.R. § 404.1568(d)(4). If the claimant is 55 years or older and is limited to sedentary work, the ALJ may find transferable skills "only if the sedentary work is so similar to [his] previous work that [he] would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry." *Id.*

The Medical-Vocational Guidelines provide rules for deciding whether a claimant is capable of performing other work based on findings of fact regarding the claimant's age, education, and work experience in combination with his exertional residual functional capacity. SSR 83-10. Under Medical-Vocational Rule 201.06, if an individual is 55 years or older, has a high school education or more that does not provide for direct entry into skilled work, has previous work experience that was skilled or semiskilled, and has no transferable skills, the individual must be found disabled. 20 C.F.R. § 404, Subpart P, Reg. No. 4, App. 2, Rule 201.06.

The Commissioner's report of Plaintiff's FICA earnings shows he worked as a restaurant manager through 1996, as a hotel clerk 1997–2001, as a flower shop salesperson 2002–2005, and as a gas station cashier from 2006 to the present. During the hearing before the ALJ, the vocational expert testified that there was some discrepancy between the disability report and the work history report, and Plaintiff said he did not

1  remember which years he worked which jobs. Plaintiff was not questioned about any
2  functions he performed or skills he acquired during any of his past relevant work.

3        The ALJ presented a hypothetical to the vocational expert involving an individual
4  who is 61 years old, with a high school education, Plaintiff's work history, and certain
5  limitations. The vocational expert said the individual would be restricted to sedentary
6  work. When the ALJ asked whether there were sedentary jobs involving skills
7  transferable from the jobs performed by Plaintiff, the vocational expert responded there
8  were two. She said that work as a restaurant manager involved customer service, dealing
9  with the public, ordering, and handling of daily financial paperwork, and those skills
10 would transfer to the job of check cashing clerk. The vocational expert said that she had
11 not seen a job description for Plaintiff's work as restaurant manager, but assumed the
12 skills based on the job title. She also testified that the job of flower shop clerk would
13 involve sales skills, which would transfer to a telemarketer job. However, the vocational
14 expert conceded that check cashing clerk and telemarketer jobs are in different industries
15 and involve different work processes and settings than Plaintiff's past relevant work. She
16 also testified that about 50% of telemarketer jobs are unskilled.

17       Defendant concedes that substantial evidence does not support the ALJ's finding
18 that Plaintiff has transferable skills acquired from past relevant work. Defendant states
19 that job titles alone do not document an individual's acquisition of skills, the ALJ failed
20 to make the necessary findings of fact regarding the actual skills Plaintiff acquired in his
21 prior work, and Plaintiff's job as a restaurant manager does not qualify as past relevant
22 work because he last worked in that job more than 15 years before the ALJ's September
23 2013 decision. Defendant contends that remand is necessary to obtain additional
24 evidence regarding Plaintiff's transferable skills and past relevant work because
25 Defendant failed to elicit necessary testimony from Plaintiff and from the vocational
26 expert. In other words, because the ALJ's finding is not supported by substantial
27 evidence, Defendant should be able to bring in new evidence on remand.

28

At step five, it was Defendant's burden to develop evidence showing that Plaintiff has skills that transfer to other skilled or semiskilled work that is so similar to his previous work that very little vocational adjustment would be needed and that he can do despite his impairments. 20 C.F.R. § 404.1568(d)(4). Defendant failed to do so. Therefore, it must be concluded that Plaintiff does not have transferable skills acquired from past relevant work. Under Medical-Vocational Rule 201.06, he must be found disabled because he is 55 years or older, has a high school education that does not provide for direct entry into skilled work, has previous work experience that was skilled or semiskilled, and has no transferable skills.

## V. REMAND

Defendant moves to remand this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), which permits the Court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." At step five Defendant was responsible for producing evidence regarding whether Plaintiff had acquired skills from past relevant work that would transfer to other work. Defendant did not do so, through no fault of Plaintiff. Therefore, Defendant's decision will be reversed without remanding for rehearing.

The parties' discussion of the "credit-as-true" rule is irrelevant. This appeal does not involve any testimony erroneously discredited that now should be credited as true. The only question is whether further administrative proceedings would serve a useful purpose. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). Here, further proceedings would serve only to grant Defendant "a second bite of the apple."

IT IS THEREFORE ORDERED that Defendant's Motion to Remand pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 26) is granted regarding remand and denied regarding further administrative proceedings.

IT IS FURTHER ORDERED that the final decision of the Commissioner of Social Security is VACATED and this case is REMANDED for immediate calculation and

1 award of benefits. The Clerk shall enter judgment accordingly and shall terminate this
2 case.
3       Dated this 29th day of February, 2016.

*Neil V. Wake*
Neil V. Wake
United States District Judge